**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50369 |
| Plaintiff - Appellee, | D.C. No. 2:16-cr-00226-R-2 |
| v. | |
| JOSE GUADALUPE ZEPEDA-RAMIREZ, AKA Jose Guadalupe Zepeda Ramirez, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted March 8, 2018
Pasadena, California

Before: REINHARDT and NGUYEN, Circuit Judges, and SIMON,** District
Judge.

Appellant Jose Guadalupe Zepeda-Ramirez appeals the jury's verdict and

the district court's order denying his motion for acquittal. We have jurisdiction

under 28 U.S.C. § 1291, and we affirm.

---

    \* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\* The Honorable Michael H. Simon, United States District Judge for the District of Oregon, sitting by designation.

1.   We review the district court's denial of a motion for acquittal de novo. *United States v. Mincoff*, 574 F.3d 1186, 1191–92 (9th Cir. 2009) (citation omitted). In reviewing the motion and the jury's verdict, we consider the evidence in the light most favorable to the prosecution to determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 1192 (citation omitted). Here, Zepeda-Ramirez and one other person traveled to the United States from Mexico on a small boat ("panga") filled with 1,664 kilograms of marijuana. Zepeda-Ramirez knew the cargo was marijuana and he helped steer the boat to the United States. Experienced law enforcement officers testified that drug smuggling operations from Mexico to the United States by panga require at least two people, and the panga Zepeda-Ramirez arrived in contained equipment typically used by smugglers to coordinate with partners to pick up the cargo after making landfall. A conversation between Zepeda-Ramirez and the other occupant of the boat was covertly recorded after they were arrested, in which Zepeda-Ramirez made statements from which the jury could have inferred that he was involved in the smuggling operation and trying to concoct the best possible exculpatory story. This evidence was sufficient for a rational jury to convict Zepeda-Ramirez for both conspiracy to possess marijuana with intent to distribute and for possession with intent to distribute marijuana.

   **AFFIRMED.**